# Supreme Court of Florida

—————

No. SC22-1277

—————

**IN RE: AMENDMENTS TO FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.540.**

March 23, 2023

PER CURIAM.

The Florida Bar's Rules of General Practice and Judicial Administration Committee (Committee) filed a report proposing amendments to Florida Rule of General Practice and Judicial Administration 2.540 (Requests for Accommodations by Persons with Disabilities) to specifically address the use of service and emotional support animals in the courts.[1]  The Board of Governors of The Florida Bar unanimously approved the Committee's proposal, which the Court published in the November 2022 issue of *The Florida Bar News*.  No comments were received.

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

We agree with the Committee that the use of the terms "service animals" and "emotional support animals" warrants guidance, and accordingly, rule 2.540 is amended as proposed. Specifically, "service animals" are defined as "any dog or miniature horse that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability." An "emotional support animal," on the other hand, is a "companion animal that provides needed emotional support, well-being, or comfort to an individual in the forms of affection and companionship." Such emotional support animals "are not trained to do any specific work or tasks for the benefit of an individual." The rule is further amended to provide that notification should be given in advance when an individual intends on seeking an accommodation of using either a service or emotional support animal. However, failure to provide such advance notification in the case of a service animal will not preclude the use of the service animal where otherwise permissible under the rule, whereas lack of advance notification of an emotional support animal may result in the animal not being allowed.

Accordingly, we amend the Florida Rules of General Practice and Judicial Administration as reflected in the appendix to this opinion. New language is underscored; deleted language is stricken through. The amendments to these rules shall become effective on July 1, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

Hon. Stephen R. Jewett, Chair, Rules of General Practice and Judicial Administration Committee, Orlando, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Noel Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

APPENDIX

## RULE 2.540. REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

**(a)** [No change]

**(b) Definitions.** The definitions encompassed in <u>Title II of</u> the Americans with Disabilities Act of 1990<u>, as amended by the ADA Amendments Act of 2008 (Pub. L. 110-325, 122 Stat. 3553 (2008))</u>, 42 U.S.C. § 12101, et seq.<u> and its implementing regulations, 28 C.F.R. § 35.101 et seq.</u>, are incorporated into this rule.

**(c)** [No change]

**(d) Process for Requesting Accommodations.** The process for requesting accommodations is as follows:

(1) [No change]

(2) Requests for accommodations must include a description of the accommodation sought, along with a statement of the impairment that necessitates the accommodation and the duration that the accommodation is to be provided. ~~The court, in its discretion, may require the individual with a disability to provide additional information about the impairment.~~ Requests for accommodation<u>s</u> shall not include any information regarding the merits of the case.

(3) <u>If applicable to a court proceeding, the ADA coordinator, or designee, shall advise the judge or the judge's staff of the request and proposed accommodation. The court, in its discretion, may require the individual with a disability to provide additional information about the impairment if the proposed accommodation may present a fundamental alteration in the court proceeding.</u>

<u>(4)</u> Requests for accommodations must be made at least 7 days before the scheduled court appearance, or immediately

upon receiving notification if the time before the scheduled court appearance is less than 7 days.  The court may, in its discretion, waive this requirement.

**(e)-(f)**      [No change]

**(g)   Use of Service Animals.**

(1)    "Service animals" means any dog or miniature horse that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability. The work or tasks performed by a service animal must be directly related to the individual's disability. This definition excludes animals that provide crime deterrence or emotional support, well-being, comfort, or companionship.

(2)    The court shall allow the use of a service animal by an individual with a disability in facilities of the courts and when participating in all programs or activities provided by the courts, as provided in and subject to the requirements of the ADA and Florida law.

(3)    Subject to the requirements of the ADA, an individual seeking to use a service animal in a scheduled court appearance should notify the court in advance pursuant to the procedures in subdivision (d). The failure to give advance notification shall not preclude the use of a service animal where otherwise permissible under this rule.

**(h)   Use of Emotional Support Animals.**

(1)    "Emotional support animal" means a companion animal that provides needed emotional support, well-being, or comfort to an individual in the forms of affection and companionship. Emotional support animals are not trained to do any specific work or tasks for the benefit of an individual.

(2)    The court may permit an individual the use of and accompaniment of an emotional support animal when participating

in programs, services, or activities provided by the courts of this state.

(3)    An individual seeking to use an emotional support animal in a scheduled court appearance must notify the court in advance pursuant to the procedures in subdivision (d).